# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHIRLEY DELORAS NIXON ELLIMAN,<br><br>                                    Plaintiff,<br>v.<br><br>JP MORGAN CHASE BANK,<br><br>                                  Defendant. | Case No. 19-CV-1664-JPS<br><br>**ORDER** |

      On November 12, 2019, the plaintiff, Shirley Deloras Nixon Elliman ("Elliman"), filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      Elliman alleges that the U.S. Treasury Department has awarded her $55,000,000.00 to be paid every four months for the rest of her life, and that JP Morgan Chase Bank (the "Bank") has not been giving her that money. (Docket #1 at 2). She also alleges that an unnamed Bank employee has been spying on her. *Id.*

      As to Elliman's allegation regarding her multi-million dollar thrice-yearly payouts, it is fanciful to the point of frivolity. A frivolous pleading warrants dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Id*. at 32–33 (citing *Neitzke*, 490 U.S. at 325, 327–28). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. Elliman's allegation regarding Treasury Department award is not just implausible, but is also the sort of fanciful, fantastic, and delusional claim that can be described only as frivolous. It will be dismissed for that reason.

The Court also has serious doubts about the truth of Elliman's allegation regarding a snooping Bank employee. But even in the unlikely event that this allegation had any merit, it would not belong in this Court. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a). Elliman's allegation of spying does not invoke either form of jurisdiction. If this allegation is sufficient to state any claim, it would not arise under federal law, and it would not meet (nor has Elliman pled) the amount in controversy threshold. This claim must also be dismissed.

Therefore, both of Elliman's claims, and therefore her entire complaint, must be dismissed without prejudice. Elliman's motion to proceed *in forma pauperis* will be denied as moot.

Finally, the Court will conclude by noting that this is not the first time Elliman has caused this District to expend resources handling her unmeritorious litigation. She filed four other cases in the past three years, all of which were dismissed for frivolity, lack of subject matter jurisdiction, lack of prosecution, improper venue, or failure to state a claim. *See* 17-CV-700-JPS (E.D. Wis.), 18-CV-365-WCG (E.D. Wis.), 18-CV-366 (E.D. Wis.), and 18-CV-1577-PP (E.D. Wis.). A common thread in all of Elliman's cases is fanciful pleading. She is hereby warned that continued frivolous litigation will result in monetary sanctions and/or a bar on her ability to file cases in this District. *See Bradley v. Wis. Dep't of Children & Families*, 715 F. App'x 549, 550 (7th Cir. 2018), citing *Support Sys. Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995). This District is simply too overburdened to continue to spend precious time and resources on Elliman's frivolous litigation.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge